UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET LIN OWENS, ) | |
| ) | |
|     Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV407 JCH |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT - BOARD OF POLICE ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
|     Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed on March 8, 2012. (ECF No. 8). Plaintiff filed her original petition and First Amended Petition in this matter in the Circuit Court of the City of St. Louis, Missouri. (Motion to Remand, p. 1; Notice of Removal, ECF No. 1, ¶ 1). Neither of these pleadings contained any federal claims. (Motion to Remand, p. 1). On February 8, 2012, Plaintiff filed a Motion for Leave to File a Second Amended Petition ("Motion for Leave") and attached a copy of the proposed Second Amended Petition. (Id.). Plaintiff's Second Amended Petition added federal claims under 42 U.S.C. § 1983. (Id.). At the hearing on Plaintiff's Motion for Leave on March 5, 2012, the motion court granted Plaintiff time to file a Reply to Defendant's Memorandum in Opposition and took the matter under submission. (Id.).

Defendant removed this action to this Court on March 7, 2012. As of the date of removal, the motion court had not granted Plaintiff leave to file a Second Amended Petition. (Motion for Leave, p. 2). On March 14, 2012, Plaintiff filed Plaintiff's Consent to Defendants' Two Motions, which stated that, should the Court grant Plaintiff's Motion to Remand, Plaintiff would consent "for

[this matter] to be administratively closed in the interim from remand to expected second motion for removal." (ECF No. 13, p. 1).

Federal courts are courts of limited jurisdiction. Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' " Id. (quoting Citizens, 523 U.S. at 94-95). The determination of federal jurisdiction is made at the time of removal. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)).

Here, Plaintiff and Defendants appear to concede that federal subject matter jurisdiction was not established at the time of removal, as Plaintiff had not yet been granted leave to file her Second Amended Petition. While federal subject matter jurisdiction may be established upon the filing of Plaintiff's Second Amended Petition, the Court lacks subject matter jurisdiction over this lawsuit at this time and can take no action on this lawsuit aside from remanding it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Amended Removal Documents (ECF No. 11) is **DENIED** as moot.

- 3 -

Dated this  15th  day of March, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE